[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In three interrelated assignments of error, defendant-appellant Charles F. McNeal challenges the weight of evidence adduced to support his conviction for possession of marijuana, in violation of R.C. 2925.11, following a trial to the court. After finding McNeal guilty, the trial court fined him thirty dollars plus costs.
Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546; see, also, Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211. The arresting officer testified that he had observed the driver of a parked automobile pass a marijuana cigarette to McNeal and had seen McNeal raise the cigarette to his lips. McNeal denied using the marijuana. Over the state's objection, the trial court admitted and considered the unsworn, written statement of the driver that McNeal had not used marijuana.
The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine. See Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In resolving conflicts in the evidence, the trial court could properly have found McNeal guilty of possession of less than 100 grams of marijuana. The first, second, and third assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.